**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**KURT A. YOUNG**
Nashville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana



FILED

Feb 22 2013, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN KENNEDY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1206-CR-450 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Viola Taliaferro, Senior Judge
Cause No. 49F18-0805-FD-122292

**February 22, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

John Kennedy appeals his conviction of Class D felony theft.[1]  Because there was sufficient evidence to support his conviction, we affirm.

## FACTS AND PROCEDURAL HISTORY

On March 10, 2008, Kennedy worked as a cashier at Circle K in Marion County, Indiana.  That day he made two money orders, each for $400, which listed Kennedy's home address, were made out to North Lake Village, and were signed by Kennedy's wife.  At the end of Kennedy's shift, a coworker processed payment for one $400 money order at the cash register.  The next day, when the money order machine and cash register were reconciled, the former showed that two $400 orders were printed but there was payment at the cash register for only one.  The store manager determined $400 was missing from the register.

Following a bench trial, the court found Kennedy guilty of Class D felony theft.

## DISCUSSION AND DECISION

This court does not assess the credibility of witnesses or reweigh the evidence when reviewing a challenge to the sufficiency of evidence.  *McHenry v. State*, 820N.E.2d 124, 126 (Ind. 2005).  We affirm a conviction unless no "reasonable trier of fact" could have found defendant guilty beyond a reasonable doubt.  *Id*.  Thus, it is not necessary that the evidence overcome every reasonable hypothesis of innocence; the evidence is sufficient if an inference reasonably may be drawn from it to support the conviction.  *Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012).

The elements of Class D felony theft require the State to prove Kennedy: 1)

---

[1] Ind. Code § 35-43-4-2(a).

knowingly or intentionally; (2) exerted unauthorized control over property of Circle K; (3) with intent to deprive Circle K of any part of its value or use. *See* Ind. Code § 35-43-4-2(a). The facts most favorable to the judgment demonstrate that Kennedy made two money orders, both listing his home address and signed by his wife, but he paid for only one of the two. The trial court could reasonably infer from these facts that Kennedy knowingly exerted unauthorized control over Circle K property and intended to deprive it of the value of the cash. *See, e.g., Buntin v. State*, 838 N.E.2d 1187 (Ind. 2005) (judgment of theft sustained based on circumstantial evidence alone because it supported reasonable inference of guilt).

Kennedy presents other scenarios that suggest other individuals were responsible for the $400 theft; however, as this Court has time and again stated: we will not reweigh the evidence or require the evidence to overcome every reasonable hypothesis of innocence. *Lock*, 971 N.E.2d at 74. We accordingly affirm.

Affirmed.

ROBB, C.J., and PYLE, J., concur.